UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2276 FMO (JCx) | Date | May 31, 2022 |
|---|---|---|---|
| Title | Caine and Weiner Company, Inc. v. MY Montecito Inc Sh, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s): Attorney Present for Defendant(s):

None Present   None Present

**Proceedings:** (In Chambers) Order Re: Remanding Action

On March 31, 2022, defendants MY Montecito Inc Sh and Mahmood Yoonessi ("defendants"), having been sued by Caine and Weiner Company ("plaintiff") in state court, filed a Notice of Removal of that action. (Dkt. 1, Notice of Removal ("NOR")). Although the NOR is difficult to comprehend, it appears that defendants removed on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. (See id. at 3) (stating that case has become removable "on Constitutional grounds").

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 n. 3 (2006).

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 33, 123 S.Ct. 366, 370 (2002). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1] See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Moreover, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) ("It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court."); Washington v. United Parcel Serv., Inc., 2009 WL

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2276 FMO (JCx) | Date | **May 31, 2022** |
|---|---|---|---|
| Title | Caine and Weiner Company, Inc. v. MY Montecito Inc Sh, et al. | | |

1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

      The court's review of the NOR and the attached state court Complaint makes clear that this court does not have jurisdiction over the instant matter. In other words, plaintiff could not have originally brought this action in federal court on the basis of federal question jurisdiction. The Complaint discloses no federal statutory or constitutional question that would support federal question jurisdiction. (See, generally, Dkt. 1, Complaint at ECF 29-33). To the extent defendants rely on alleged violations of federal law, (see Dkt. 1, NOR at 3), it does not provide a basis for federal question jurisdiction. It is well-settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar Inc. v. Williams, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430 (1987). Nor may a case be removed based on a federal defense or counterclaim. Id.; Vaden v. Discover Bank, 556 U.S. 49, 60, 129 S.Ct. 1262, 1272 (2009) ("Nor can federal jurisdiction rest upon an actual or anticipated counterclaim."). Thus, there is no federal question jurisdiction.[2] In short, there is no subject matter jurisdiction.

      **This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

      Based on the foregoing, IT IS ORDERED that:

      1. The above-captioned action shall be **remanded** to the Superior Court of the State of California, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

      2. The Clerk shall send a certified copy of this Order to the state court.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | gga |

---

      [2] Even if defendants sought to invoke the court's diversity jurisdiction, the court notes that removal would be untimely. See 28 U.S.C. § 1446(c) ("A case may not be removed . . . on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action[.]").